IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PATRICK MCGUIRE, | No. C 11-02344 CW |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Docket No. 12) AND ADDRESSING DEFENDANTS' MOTIONS TO DISMISS (Docket Nos. 7, 17 & 29) |
| v. | |
| U.S. DEPARTMENT OF JUSTICE, ET AL., | |
| Defendant. / | |

The United States, specially appearing for Defendant federal agencies, officials and individuals, Defendant Merck Sharp & Dohme Corp., formerly known as Merck & Co., Inc., and Defendants the City of Santa Rosa and the Santa Rosa Police Department have moved to dismiss Plaintiff John Patrick McGuire's Complaint.  Docket Nos. 7, 17 & 29.  Plaintiff has also moved to remand this action to Sonoma County Superior Court.  Docket No. 12.  Plaintiff's motion to remand is DENIED.  In addition, the Court sets forth a briefing schedule for Defendants' motions to dismiss and vacates the August 11, 2011 hearing date and case management conference.

I. Motion to Remand

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter.  28 U.S.C. § 1441(a).  Title 28 U.S.C. § 1447 provides that if at any time

before judgment it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. 28 U.S.C. § 1447(c). On a motion to remand, the scope of the removal statute must be strictly construed. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (internal citation omitted). Courts should resolve doubts as to removability in favor of remanding the case to state court. See id. Ordinarily, federal question jurisdiction is determined by examining the face of the plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

In this case, in which Plaintiff has sued federal Defendants for their official actions, the United States appropriately sought removal of the action to federal district court pursuant to 28 U.S.C. § 1442(a). Section 1442(a) authorizes the removal of a civil action commenced in state court against the United States, any agency thereof, or any officer or person acting under an officer of the United States or of any agency thereof, when such a defendant is sued in an official or individual capacity for any act under color of law. Id. Plaintiff's disability, his unwillingness to consent to removal, and any alleged contract that he might have with the Superior Court of Sonoma County, do not divest this Court of its jurisdiction to consider the matter. Plaintiff's cite to Medellin v. Texas, 552 U.S. 491 (2008), is unpersuasive because the case does not address this court's jurisdiction under section

2

1442(a), and does not otherwise establish that removal of this action is improper.  Thus, Plaintiff's motion to remand is DENIED.

## II. Motions to Dismiss

Plaintiff shall oppose Defendants' motions to dismiss in a single consolidated brief, not to exceed twenty-five pages, filed within fourteen days from the date this Order issues.  The page limit for Plaintiff's opposition is set at twenty-five pages because Defendants' motions to dismiss do not exceed this length. Provided that Plaintiff meets the deadline to oppose, Defendants may each submit a reply brief, none to exceed five pages, within a week after Plaintiff has filed his opposition.  If Plaintiff fails to oppose the motions by the deadline, Plaintiff will face dismissal of his Complaint for failure to prosecute.

The motions to dismiss will be decided on the papers.  The August 11, 2011 date for hearing and a case management conference is VACATED.  A case management conference will be reset for a later date if necessary.

IT IS SO ORDERED.


Dated: 6/23/2011

CLAUDIA WILKEN
United States District Judge

3

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MCGUIRE et al,

      Plaintiff,

v.

U.S. DEPARTMENT OF JUSTICE et al,

      Defendant.

Case Number: CV11-02344 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 23, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Patrick McGuire
1407 Townview Avenue Apt.213
Santa Rosa, CA 95405

Dated: June 23, 2011

                              Richard W. Wieking, Clerk
                              By: Nikki Riley, Deputy Clerk